**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALI HUSSEIN BAZZI,

    Plaintiff,

v.                                    CASE NO. 20-10963

COMMISSIONER OF            DISTRICT JUDGE NANCY G. EDMUNDS
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [20]; GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15]; AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [18]**

This matter is before the Court on Plaintiff's objections to the Magistrate Judge's report and recommendation. (ECF No. 21.) Having conducted a de novo review of the parts of the Magistrate Judge's report and recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth therein and below, the Court sustains in part Plaintiff's objections. Therefore the Court accepts and adopts in part and rejects in part the Magistrate Judge's report and recommendation, grants in part Plaintiff's motion for summary judgment and denies Defendant Commissioner of Social Security's motion for summary judgment, reversing and remanding the Commissioner's decision in accordance with 42 U.S.C. § 405(g).

Plaintiff applied for disability insurance benefits ("DIB") on February 19, 2016, and supplemental security income (SSI) on February 26, 2016. (Transcript 336-39, ECF No. 12.) Plaintiff alleged a disability onset date of January 1, 2016. (Tr. 336.) His claims were denied and he requested a hearing before an administrative law judge ("ALJ"), which was held on November 15, 2017, after which the ALJ issued an opinion dated March 27, 2018, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 71, 136-44.) The Appeals Council remanded the case for the ALJ to identify and resolve conflicts between the Dictionary of Occupational Titles and the vocational expert testimony, and to exhibit and consider evidence submitted after the hearing. (Tr. 151-53.)

The ALJ held a second hearing on February 20, 2019. (Tr. 15, 43.) In a decision dated April 3, 2019, the ALJ determined that Plaintiff had not been disabled within the meaning of the Social Security Act at any time from January 1, 2016, through the date of the decision. (Tr. 15-25.) The appeals council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-5.)

Plaintiff filed a complaint with this Court on April 19, 2020. (ECF No. 1.) Plaintiff filed a motion for summary judgment on October 9, 2020. (ECF No. 15.) Defendant filed a motion for summary judgment on November 23, 2020. (ECF No. 18.) The Magistrate Judge entered a report and recommendation on February 16, 2021, recommending denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. (ECF No. 20.) Plaintiff raised two

objections to the report and recommendation and Defendant responded. (ECF Nos. 21, 22.)

The Court has reviewed the pleadings, including the ALJ's decision, the record transcript, the Magistrate Judge's report and recommendation and the objections and response. The ALJ's findings and the pertinent portions of the administrative record are accurately and adequately set forth in the Magistrate Judge's report and recommendation as necessary to the analysis, and the Court adopts them here. (ECF No. 20.)

**I.    Standard of Review**

Where a party has properly objected to a Magistrate Judge's report and recommendation, the "district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions." Fed. R. Civ. P. 72(b)(3).

**II.   Analysis**

The Magistrate Judge correctly pointed out that Plaintiff's arguments before the Court were directed at the ALJ's consideration of his mental impairments, and that Plaintiff made no argument with respect to findings related to his physical impairments. (ECF Nos. 15, 20.) Plaintiff raises the same issues in his objections that he raised in his motion for summary judgment. Plaintiff objects to the Magistrate

Judge's finding that any error was harmless to the extent the ALJ may have failed to clearly state reasons for discounting Dr. Ibrahim Youssef's opinion and failed to cite the record when giving Dr. Rose Moten's opinion limited weight. (ECF No. 20 PageID. 747)

### A. Objection #1

#### 1. Dr. Youssef's Opinion

Ibrahim Youssef, M.D., performed a consultative psychiatric examination of Plaintiff on June 11, 2016. (Tr. 551-53.) Dr. Youssef diagnosed major depressive disorder, single episode, moderate to severe, with the prognosis as "[l]ess optimistic as the pain continues and his ability to work is limited." (Tr. 553.) With respect to Dr. Youssef's opinion, Plaintiff admits that Dr. Youssef "did not provide any specific functional limitations" yet also argues that Dr. Youssef "provided an opinion that directly (sic) contrasted the ALJ's determination that Bazzi's mental impairments would not more than minimally affect his work ability." Plaintiff cites *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988), to posit that "[i]t's difficult to imagine how 'moderate to severe' depression would present no more than a slight abnormality in the fact of full-time employment."

The Magistrate Judge correctly pointed out that in evaluating the claimant's case, the ALJ must "evaluate every medical opinion" they receive. *See* 20 C.F.R. §§ 416.927(c), 404.1527(c). The ALJ discussed Dr. Youssef's report when determining whether Plaintiff has one or more severe impairments. (Tr. 18-19; ECF No. 20, PgID

4

747.) The ALJ cited some of Dr. Youssef's notes and examination findings, including that upon examination, Plaintiff was reported to be "spontaneous, logical and coherent" and "oriented," and his formal and operational judgment were "excellent." (Tr. 552.) He performed one out of two mathematical calculations, and was not able to give an abstract meaning to a proverb. (Tr. 552.) The ALJ also noted Dr. Youssef's diagnosis of major depressive disorder. (Tr. 19.) Yet no limitations are noted in Dr. Youssef's report of the examination. Plaintiff essentially faults the Magistrate Judge for failing to find that the ALJ should have included limitations from the diagnosis itself, including the doctor's qualification of the depression as "moderate to severe" and Plaintiff's report that he "cannot sleep and feels tired all day." (Tr. 552.)

The Magistrate Judge correctly noted that "disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it." *Hill v. Comm'r,* 560 F. App'x 547, 551 (6th Cir. 2014). Further, to the extent the Magistrate Judge also cited *Townsend v. Astrue*, 2013 WL 687042, at *5 (D. Or. Feb. 25, 2013), for the premise that a failure to discuss a diagnosis is error, but is harmless where the record does not reveal any limitations due to the diagnosed condition, the Court notes that the ALJ did discuss Dr. Youssef's report, including his diagnosis of major depressive disorder. (Tr. 19.) Finally, the Magistrate Judge correctly noted that Plaintiff did not indicate what functional limitation in Dr. Youssef's record would have altered the residual functional capacity (RFC) determination. (ECF No. 20,

5

PageID.748.) The Magistrate Judge did not err in his analysis of the ALJ's consideration of Dr. Youssef's report and opinion. Any error in the ALJ's failure to derive limitations from Dr. Youssef's opinion was harmless.[1]

### 2. Dr. Moten's Opinion

Rose Moten, Ph.D., performed a state agency psychological evaluation of Plaintiff's records on July 11, 2016. (Tr. 111-12, 114-15.) Plaintiff argues that the ALJ erred in failing to cite the record in her analysis of Dr. Moten's opinion, and that the Magistrate Judge provided post hoc rationalizations for the ALJ's decision to give Dr. Moten's opinion little weight. (ECF No. 21 PageID. 764, 767.) Plaintiff points out that the Magistrate Judge agreed that "Plaintiff is correct that the ALJ did not clearly state her reasons for discounting Dr. Youssef's opinion and did not cite to the record in her explanation for giving Dr. Moten's opinion limited weight." (ECF No. 20 PageID. 747.) The Magistrate Judge concluded that to the extent such was in error, the error was harmless. (*Id.*)

In the decision, the ALJ notes that Dr. Moten diagnosed affective disorders and that Dr. Moten determined that Plaintiff had mild restriction of activities of daily living, mild difficulties in maintaining social functioning and moderate difficulties in

---

[1] The Court notes however, that Dr. Youssef's opinion and examination report may still remain relevant to the consideration of Dr. Moten's opinion, for which this decision is being remanded. For example, on remand, one of the factors the ALJ must consider in deciding the weight to give Dr. Moten's opinion is "consistency" with the record as a whole, including Dr. Youssef' opinion, and "supportability." *See* 20 C.F.R. §§ 416.927(c)(3),(4), 404.1527(c)(3), (4).

6

maintaining concentration, persistence or pace. (Tr. 19, 111.) The ALJ gave "limited weight" to Dr. Moten's opinions because Dr. Moten "did not have the benefit of examining claimant." (Tr. 19.) The ALJ generally stated that "[n]either claimant's treatment documentation nor the record as a whole supports finding greater than mild functional limitations arising from claimant's anxiety. These affect only the domain of concentrating, persisting or maintaining pace." (Tr. 19.)

The Court "may not uphold an ALJ's decision, even if there is enough evidence in the record to support it, if the decision fails to provide an accurate and logical bridge between the evidence and the result." *Pollaccia v. Comm'r*, No. 09-cv-14438, 2011 WL 281044, at *6 (E.D. Mich. Jan. 6, 2011) (citing *Ramos v. Astrue*, 674 F. Supp. 2d 1076, 1080 (E.D. Wisc. 2009)). Here, the ALJ's decision does not provide such a bridge.

The ALJ's conclusion is that "treatment documentation" and "the record" do not support "finding greater than mild functional limitations arising from claimant's anxiety", that such limitations would "affect only the domain of concentrating, persisting or maintaining pace," yet limitations in this area were opined by Dr. Moten at a "moderate" level and no resultant mental limitations were included in the RFC. The ALJ has not identified the evidence that may support discounting Dr. Moten's opinion. Such a decision invites the Court to speculate that a lack of mental-health related treatment notes lead to the ALJ's determination. The Magistrate Judge identified specific areas of the record that may support the ALJ's finding. Yet the

7

ALJ's decision does not mention, even in passing, the little evidence that is directly related to treatment for mental conditions, so it is not clear what the ALJ actually considered in making this determination.

For example, in October 2015, prior to the alleged onset date, Irene Signori, M.D., made an assessment of "anxiety disorder, unspecified" in response to Plaintiff's complaints including anxious/fearful thoughts, decreased need for sleep, depressed mood and difficulty concentrating, and prescribed Sertraline. (TR 521-24.) The records show that he continued taking medication for anxiety in 2016, and as late as 2017. (TR 529, 532.) At his June 2016 psychiatric examination, Plaintiff reported that he was still being prescribed Zoloft (sertraline) and Xanax by his primary doctor. (TR 551.) Henry Ford Hospital records show that in February 2017, Plaintiff was taking alprazolam (Xanax). (TR 555, 574, 603.) There is no evidence that this was considered.

As the government pointed out in citing *Heston v. Comm'r*, 245 F.3d 528, 535 (6th Cir. 2001), "[j]udicial review of the Secretary's findings must be based on the record as a whole. Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Id.* at 535. In *Heston*, the ALJ failure to acknowledge a physician's report was deemed harmless error. However, the report at issue in *Heston* was written approximately three years after the physician last examined the plaintiff, the physician admitted he no longer had control of the plaintiff's medical records, the last

examination was prior to the relevant date of alleged disability at issue in the case, and the few limitations which were opined had been included in the hypothetical question posed to the vocational expert by the ALJ. *Id. at 535-36.*

In this instance, the only two reports regarding Plaintiff's mental impairments and resultant limitations are those of Dr. Youssef and Dr. Moten. There are no other opinions of record which support the ALJ's conclusions and/or contradict Dr. Moten's opinions regarding limitations, as are sometime present in other cases wherein such a lack of discussion of, or citation to, specific evidence is deemed harmless. *See e.g., Dykes ex rel. Brymer v. Barnhart*, 112 Fed. Appx. 463 (6th Cir. 2004) (citing *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)).

In contrast to Dr. Youssef's report, which did not include functional limitations, Dr. Moten specifically noted that Plaintiff is "capable of carrying out simple work like tasks with reasonable persistence/pace and to respond appropriately to brief and superficial contact with coworkers and supervisors as well as tolerate stress and pressures typically found in an entry level workplace. S/U work." (Tr. 111.) She noted that his "capacity for understanding, remembering, following instructions, sustaining attention and concentrating all appear adequate in development." (Tr. 111.) She noted that he was "moderately limited" in specific areas of the mental residual functional capacity, including the ability to "understand and remember detailed instructions" and to "carry out detailed instructions." (Tr. 114.) She also noted

9

moderate limitations related to working in proximity to others and in social interactions. (Tr. 115.)

In this instance, the Court cannot, without weighing the evidence, conclude that the failure to properly evaluate Dr. Moten's opinion was harmless. Potential functional limitations including a limitation to simple tasks and limitations on interactions with co-workers and supervisors were opined by Dr. Moten and were neither addressed nor included in the RFC to the vocational expert. For these reasons the case is remanded so that the ALJ may reconsider Dr. Moten's opinion in accordance with the regulations. As discussed below, the ALJ should also re-evaluate the residual functional capacity as necessary upon remand.

### B.     Objection #2

Plaintiff objects that the Magistrate Judge erred in finding that the ALJ sufficiently considered his non-severe mental impairments in the RFC analysis. (ECF No. 21 PageID.770.) Plaintiff's underlying argument is that the ALJ erred by failing to include potential limitations from his non-severe mental impairments in the RFC finding. Plaintiff and the Magistrate Judge agree that an "ALJ's failure to explain how a claimant's mild psychological limitations affect the RFC assessment may constitute reversible error where the ALJ makes no mention of the claimant's mental impairment in the RFC analysis." (ECF No. 20 PageID. 756-57.) The Magistrate Judge suggests that the ALJ "did not completely fail to mention Plaintiff's non-severe mental impairments," because the ALJ noted that on October 8, 2018, Plaintiff

10

denied depression, memory problems and difficulty thinking during an orthopedic examination. (ECF No. 20 PageID 757.)Therefore, this case is distinguishable from those like *Katona v. Commissioner*, wherein the ALJ completely failed to mention non-severe mental impairments in the RFC analysis. (*Id.*, citing *Katona v. Comm'r*, 2015 WL 871617, at *7 (E.D. Mich. Feb. 27, 2015).)

Even if, after proper consideration of Dr. Moten's opinion, which contains limitations in multiple areas, the ALJ determined that Plaintiff's mental impairments were non-severe, "[o]nce one severe impairment is found, the combined effect of all impairments must be considered, even if other impairments would not be severe." *White v. Commissioner of Social Security*, 312 Fed. Appx. 779, 787 (6th Cir. 2009); *see also Katona*, 2015 WL 871617, at *6 ("a Step Two analysis is distinct from the ALJ's obligation to consider the impact of Plaintiff's non-severe impairments in addition to and in conjunction with Plaintiff's severe impairments in assessing Plaintiff's RFC." "Furthermore, the ALJ's RFC analysis appears limited to a discussion of Plaintiff's physical impairments, and does not once mention what, if any, limitations Plaintiff's alleged mental impairments impose on Plaintiff's ability to work."); and *Johnson v. Colvin*, No. 3:13cv00301, 2014 WL 6603376, at *8 (S.D. Ohio Nov.19, 2014) ("Assuming this [analysis] suffices to support the ALJ's conclusion that Plaintiff does not have a severe mental impairment, this does not demonstrate that the ALJ considered Plaintiff's non-severe mental impairments at step four as required by law.").

Aside from the step two analysis referencing Dr. Moten's and Dr. Youssef's reports and opinions, the ALJ's only consideration of Plaintiff's mental health impairments in the RFC analysis was a reference to the orthopedic appointment in October 2018. (Tr. 22, 624.) The decision does not show whether the ALJ considered any other medical records related to Plaintiff's mental impairments, including records showing that for at least two of the relevant years, Plaintiff had been prescribed medication to address mental impairments. Further, to the extent the ALJ concluded that Plaintiff had mild functional limitations in the domain of concentrating, persisting or maintaining pace (Tr. 19) no such limitations were included in the RFC.

In this instance, the Court sides with those courts that have found that the "ALJ's failure to adequately explain how an impairment affects an individual's RFC may constitute reversible error." *Katona*, 2015 WL 871617, at *7. There is no real evidence, aside from citation to a single orthopedic consultation (to the exclusion of other mental health-related medical evidence such as medication), that the ALJ properly considered Plaintiff's mental impairments in assessing his RFC. Substantial evidence does not support the ALJ's determination that Plaintiff was not disabled. The Court will remand for consideration of Dr. Moten's opinion and the impact of severe or non-severe mental impairments on Plaintiff's RFC.

### III. Conclusion

For the foregoing reasons, the Court orders as follows:

1)   Plaintiff's objections are SUSTAINED IN PART (ECF No. 21);

2)   Plaintiff's Motion for Summary Judgment (ECF No. 15) is GRANTED IN PART to the extent that he seeks a remand for further administrative proceedings;

3)   Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED;

4)   The Magistrate Judge's Report and Recommendation (ECF No. 20) is ACCEPTED IN PART AND REJECTED IN PART; and

5)   The decision of the Commissioner of Social Security is REVERSED AND REMANDED for further administrative proceedings consistent with this opinion and pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  September 14, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 14, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager